IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-445-RJC
(3:05-cr-253-RJC-4)

| | | |
|---|---|---|
| MAURICE MOBLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), the Government's Motion to Dismiss, (Doc. No. 5), and Petitioner's Response, (Doc. No. 8). For the reasons that follow, Petitioner's motion will be dismissed.

**I. BACKGROUND**

On November 17, 2005, Petitioner pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 and 841(a)(1) (Count One), and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Six). (Case No. 3:05-cr-253, Doc. No. 59: Acceptance and Entry of Guilty Plea). The Court sentenced Petitioner sentenced to 300 months' imprisonment on Count One, and 60 consecutive months on Count Six, and entered its Judgment on February 9, 2007. (3:05-cr-253, Doc. No. 110 at 1-2). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, which dismissed the appeal based on the waiver provision in the Plea

1

Agreement on August 21, 2007. United States v. Mobley, No. 07-4195 (4th Cir. Aug. 21, 2007) (unpublished).

On September 13, 2011, Petitioner filed the instant § 2255 motion contending he was improperly designated as a career offender based on a prior conviction that no longer qualifies in light of the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Doc. No. 1 at 2-5). The Government has moved to dismiss the motion on the basis that it is untimely. (Doc. No. 5). Petitioner asserted in his response that it was filed within one year of the Fourth Circuit's Simmons decision; therefore, it is timely under § 2255(f). (Doc. No. 8). A lawyer from the Federal Defenders of Western North Carolina, Inc., entered an appearance on October 19, 2012, but has not filed anything further on Petitioner's behalf. (Doc. No. 9).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's Judgment became final on or about November 22, 2007, when he did not petition the Supreme Court for certiorari following dismissal of his direct appeal. Clay v. United States, 537 U.S. 522, 525 (2003). Petitioner contends that his motion, filed September 13, 2011, is timely under § 2255(f)(3) because the motion was filed within one year of the Fourth Circuit's August 12, 2011, decision in Simmons. (Doc. 8: Response at 3). However, the date of that decision did not trigger a one-year period under § 2255(f)(3) because the Supreme Court did not initially recognize a right, made retroactively applicable to cases on collateral review, on that date. Thus, the Court finds that Petitioner's motion is untimely and that he is not entitled to equitable tolling because he does not present a meritorious claim for relief.

Considering the merits of the motion, Petitioner asserts that he is entitled to relief under Simmons because he faced a maximum of ten month's imprisonment for his prior possession with intent to sell or deliver cocaine conviction. In Simmons, the Fourth Circuit en banc held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the

3

individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. That decision resulted from the court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. In Simmons, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

After Petitioner filed the instant § 2255 motion, the Fourth Circuit found that the Supreme Court's decision in Carachuri announced a procedural rule not applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012); see also United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (noting that "Wheeler's claim for retroactive application of [Carachuri and Simmons] fails in light our recent opinion in [Powell]."); United States v. Walker, No. 11-6660, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished) (rejecting petitioner's § 2255 challenge to his career offender enhancement and holding that "Carachuri claims may not be raised retroactively in collateral proceedings."). Thus, the Fourth Circuit has recently and repeatedly said Simmons is not retroactive. This inferior Court cannot say that it is.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

4

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DISMISSED** as untimely. (Doc. No. 1).

2. Petitioner's Motion for Extension of Time to File a Response and/or Reply to Respondent's Motion to Dismiss is **GRANTED**. (Doc. No. 6).

3. Respondent's Motion to Dismiss Petitioner's § 2255 motion is **GRANTED**. (Doc. No. 5).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 7, 2013

Robert J. Conrad, Jr.
Chief United States District Judge